UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AUBREY STANLEY,

    Petitioner,

v.                                    Case No. 2:10-cv-169
                                    HON. R. ALLAN EDGAR

GARY CAPELLO,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Aubrey Stanley filed this petition for writ of habeas corpus challenging his conviction after a jury trial for assaulting a prison employee. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following issues in his petition:

    I.      The Prosecution failed to prove beyond a reasonable doubt each element of assault of a prison employee.

    II.     Ineffective assistance of trial counsel.

    III.    Juror bias/ineffective assistance of counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner's first claim challenges the sufficiency of the evidence to support his conviction. The Michigan Court of Appeals rejected this claim:

> Reed testified that he clearly saw defendant punch Volz in the face. Reed was approaching the altercation when he saw defendant's coat in the hands of an officer and saw defendant attempting to elude restraint. Then he saw the punch and helped restrain defendant thereafter. Volz said that he was sure that defendant punched him in the altercation, and he pointed out on the video when he saw this occurring. Moreover, the jury viewed the videotape of the incident. Defendant attempts to characterize the evidence of the testifying corrections officers as contradictory and thus implausible. However, the testimony of the officers is not contradictory because of the different times they arrived at the altercation, their different physical positions, and the chaos and speed of the physical altercation. Despite defendant's sworn denials, the jury determined that the evidence established beyond a reasonable doubt that defendant struck Volz. We will not interfere with the jury's role in determining the credibility of witnesses. *People v Passage*, 277 Mich App 175, 177;

> 743 NW2d 746 (2007). Accordingly, there was sufficient evidence
> for the jury to determine defendant struck Volz beyond a reasonable
> doubt.

Michigan Court of Appeals' Opinion, Docket #38, at 2.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that Petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he received ineffective assistance of trial counsel. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must

determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

> The Michigan Court of Appeals rejected this claim:
>
> To establish a claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient, that counsel's deficient performance prejudiced the defense and, that the resultant proceedings were fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). A counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *Id.* A defendant is prejudiced if there is a reasonable probability that, without counsel's errors, the fact finder would have had a reasonable doubt respecting guilt. *People v Pickens*, 446 Mich 298, 312; 521 NW2d 797 (1994).
>
> Defendant argued below that counsel had provided ineffective assistance in numerous ways. Defendant has abandoned all but one of these arguments on appeal by failing to make more than a conclusory argument in support of his claim. *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007) ("A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim.").
>
> The only one of the numerous assertions to be reviewed is the alleged failure of trial counsel to investigate and call a witness, identified as inmate Jeffrey Gillman. Defendant asserts, without supporting evidence, that Gillman was prepared to testify that he was present at the prison altercation and did not see defendant hit anyone. While the failure to reasonably investigate a case can constitute ineffective assistance of counsel, *People v. McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005), the failure to interview witnesses does not alone establish inadequate preparation, *People v Caballero*, 184 Mich App 636, 641-642; 459 NW2d 80 (1990).
>
> Further, the failure to call witnesses may be ineffective assistance of counsel only when it deprives the defendant of a substantial defense. *People v Hyland*, 212 Mich App 701, 710; 538 NW2d 465 (1995),

> vacated in part on other grounds 453 Mich 902 (1996). A substantial defense is one that might have made a difference in the outcome of the trial. *Id*. In the current case, the testimony that Gillman allegedly would have provided was similar in substance to testimony elicited from another inmate and from defendant, i.e., that defendant did not strike Volz. These two witnesses not only denied that defendant hit Volz, but placed the blame on a third inmate. Through cross-examination of several witnesses, trial counsel repeatedly elicited testimony that defendant was not seen hitting Volz by many of those present on the scene, including Volz himself. Thus, defendant was not deprived of a substantial defense by the failure to call Gillman as a witness.

Michigan Court of Appeals' Opinion, Docket #38, at 3-4.

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

If Petitioner is attempting to assert additional ineffective assistance of counsel claims, then those claims were not fairly presented to the Michigan Court of Appeals and this case should be dismissed as a mixed petition for failure to exhaust each claim. Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state

courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

Although the most obvious way to alert the state court of a constitutional claim is to cite to the constitution itself, the petitioner need not cite the constitution. The Sixth Circuit has noted four actions a defendant may take which are significant to the determination whether a claim has been "fairly presented" "(a) reliance on federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis, (c) assertion of the claim in terms so particular as to call to mind a specific constitutional right, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney General*, 696 F.2d 186, 193-94 (2d Cir.1982)); *accord Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. April 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. August 16, 1996).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MCR 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MCR 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the court concludes that Petitioner has at least one available state remedy. If Petitioner is attempting to assert additional non-exhausted ineffective assistance of counsel claims in this proceeding, Petitioner will have some claims that are exhausted and some that are not. Therefore, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2013